```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    FOR ONLINE PUBLICATION ONLY
----------------------------------------------------------------- X
YVON NAZAIRE, DAVID CHENG, and              :
JOHN MABOYOJE,                              :
                                            :\
                         Plaintiffs,        :
                                            :              MEMORANDUM
           - against -                      :              AND ORDER
                                            :
KINGSBROOK JEWISH MEDICAL CENTER,           :              04 CV 1415 (JG)
MARY MONG, LINDA BRADY, MEDICAL             :
SERVICES OF SUFFOLK, P.C., a/k/a ISLAND     :
EMERGENCY MEDICAL SERVICES, and             :
DANIEL FERRARA,                             :
                                            :
                         Defendants.        :
----------------------------------------------------------------- X
```

A P P E A R A N C E S :

    MOORE & GOODMAN, LLP
        99 Park Avenue, Suite 1600
        New York, New York  10016
    By:    Jonathan C. Moore
        Attorneys for the Plaintiff Yvon Nazaire

    NIXON PEABODY LLP
        990 Stewart Avenue
        Garden City, New York  11530
    By:    Amy Ventry
        Christopher G. Gegwich
        Medea Myers
        Attorneys for the Defendant
          Kingsbrook Jewish Medical Center

JOHN GLEESON, United States District Judge:

        On August 28, 2006, I awarded summary judgment on the remaining claim in this case in favor of defendant Kingsbrook Jewish Medical Center ("Kingsbrook") and against plaintiff Dr. Yvon Nazaire.  The Clerk of the Court entered judgment accordingly.  Kingsbrook then moved the Clerk under Fed. R. Civ. P. 54(d)(1) and Local Civ. R. 54.1(a) and (c)(2) for

taxation of the cost it incurred to obtain six deposition transcripts, *viz.* a claimed $3,652.75, which figure included two transcripts billed at an expedited rate. On September 29, 2006, after a telephone conference with the parties, the Clerk assessed costs against Dr. Nazaire for a reduced amount of $2,894.75, discounting the expedited transcripts to the ordinary rate. Dr. Nazaire has now appealed the award of costs. For the reasons set forth below, I affirm the Clerk's assessment and order taxation and entry of $2,894.75 in costs against Dr. Nazaire accordingly.

"A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question [it]self.'" *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court.") (citations omitted). By its terms, Rule 54(d)(1) awards to the prevailing party costs "as of course," so "[f]or this reason, the losing party has the burden to show that costs should not be imposed." *Whitfield*, 241 F.3d at 270.

Local Civ. R. 54.1(c)(2) provides that "[c]osts for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion." Dr. Nazaire argues that the transcripts were not "used" for Rule 54.1(c)(2) purposes in my ruling on defendant's motion for summary judgment because the Memorandum and Order contains no citation to the transcript. But the Second Circuit has expressly rejected the claim that "used" merely means "cited" in Local Civ. R. 54.1(c)(2), reasoning that "the filing of a deposition transcript necessarily means a court will 'use' it" at summary judgment, which entails plenary review of "'the pleadings, *depositions*, answers to interrogatories, and admissions

2

on file . . . .'" *Whitfield*, 241 F.3d at 271 (quoting Fed. R. Civ. P. 56(c)). Portions of each of the six deposition transcripts at issue were submitted by Kingsbrook in support of its motion for summary judgment. I "used" them when I reviewed them in ruling on that motion. They are therefore taxable.

Dr. Nazaire argues in the alternative that I should deny the award of costs because he is a "civil rights plaintiff." Plaintiff's Appeal of Award of Costs to Defendants Pursuant to Federal Rules [sic] of Civil Procedure 54(d) and Local Rule 54.1 at 5. Nazaire claims that the presumption of Rule 54(d)(1) that costs run "as of course" against losing plaintiffs runs contrary to Congress's intent to subsidize civil rights claims through the fee-shifting provision of 42 U.S.C. § 1988. But Nazaire cannot benefit from this theory, whatever its merit: Nazaire lost a breach of contract claim, not a civil rights claim, and the transcripts at issue related only to that breach of contract claim, *see* Def.'s Notice of Presentment of Bill of Costs at 2-3.[1]

Finally, Dr. Nazaire asks that I reverse the award of costs because he has suffered a loss of income, he has had to relocate to Georgia to find work, and Kingsbrook, by comparison, is better situated to absorb the costs. While "[a]s a general matter a district court may deny costs on account of a losing party's indigency," *Whitfield*, 241 F.3d at 270, plaintiff has failed to offer any proof of financial hardship, much less indigency. In fact, plaintiff admits that he has found work (in Georgia) as an emergency room physician. In sum, I conclude Dr. Nazaire has failed to show that costs should not be imposed upon him.

Neither party disputes the Clerk's reduction of the cost of two deposition

---

[1] To be sure, Nazaire's complaint asserted discrimination claims, but those causes of action were dismissed with prejudice because Nazaire waived those claims in a settlement with Kingsbrook. *See* Order of April 15, 2005.

3

transcripts from an expedited rate to the ordinary rate. I find the reduction to be correct. Accordingly, I hereby affirm the Bill of Costs for $2,894.75, which figure includes the reduction of the costs of those two depositions.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 11, 2006